UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANE DOE, individually, and as next friend of T.W., § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 3:17-CV-1284-B |
| § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT, § § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dallas Independent School District's (DISD) motion to dismiss made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 36. For the reasons stated herein, the Court **GRANTS** DISD's motion and **DISMISSES with prejudice** Jane Doe's (Doe) first amended complaint, Doc. 35, for lack of subject-matter jurisdiction.[1]

## I.

## BACKGROUND[2]

This case arises from the alleged sexual harassment and rape of Doe's disabled daughter, T.W., a former student at Justin F. Kimball High School (Kimball). Doc. 35, Pl.'s First Am. Compl., ¶¶ 1–2. The Court recited the facts of the case in *Doe v. Dallas Independent School District*, 194 F.

---

[1] Because the Court does not have subject-matter jurisdiction, the Court will not analyze the plausibility of Doe's claims under Federal Rule of Civil Procedure 12(b)(6).

[2] The Court draws the facts from Doe's first amended complaint. Doc. 35.

Supp. 3d 551 (N.D. Tex. 2016) [hereinafter *Doe I*]. In summary, T.W.'s physical, mental, and learning disabilities qualified her for placement in a special-needs program at Kimball. Doc. 35, Pl.'s First Am. Compl., ¶¶ 9–12. Doe alleges that an older student, V.A., sexually harassed T.W. on multiple occasions. *Id.* ¶¶ 15–42.

Doe filed suit against DISD on November 25, 2015, alleging DISD violated Title IX by "depriving [T.W.] of access to the educational opportunities and benefits . . . to which [she] was entitled." *Doe I*, 194 F. Supp. 3d at 559. The Court found that Doe's Title IX claim was subject to the exhaustion requirements found in the Individuals with Disabilities Education Act (IDEA) because her claim was based on a deprivation of her right to free appropriate public education (FAPE). *Id.* at 559–60. And because Doe failed to allege that she exhausted her IDEA administrative remedies, the Court dismissed her Title IX claim without prejudice. *See id.*

In an attempt to exhaust her remedies, Doe filed a complaint seeking an administrative hearing with a special education hearing officer. Doc. 35, Pl.'s First Am. Compl., ¶ 7. She asserted IDEA claims and non-IDEA claims, including her Title IX claim. *Id.* On September 27, 2016, the hearing officer dismissed Doe's Title IX claim for lack of jurisdiction. *Id.* On January 20, 2017, the hearing officer dismissed the remainder of Doe's IDEA claims because the "complaint was filed 928 days beyond [the IDEA's] one-year [statute of limitations]." *Id.*

In May 2017, Doe initiated this action, alleging the same Title IX claim the Court dismissed without prejudice in *Doe I*. She again asserts DISD violated Title IX because the "sexual assaults and harassment endured by . . . T.W. were so severe, pervasive, and objectively offensive that they effectively barred T.W. from access to the educational opportunities or benefits provided by Kimball

High School and DISD." *Id.* ¶ 60. That October, DISD filed a motion to dismiss, arguing that the Court lacks subject-matter jurisdiction over Doe's Title IX claim because she failed to exhaust her administrative remedies under the IDEA. Doc. 36, Def.'s Mot. to Dismiss, 6–17. Doe asserts in her response that her Title IX claim is not subject to the IDEA's exhaustion requirements, and that even if it was, she has properly exhausted her claim. Doc. 39, Pl.'s Resp., 14–18. DISD's motion is ripe for review.

## II.

## LEGAL STANDARD

At any stage in the litigation, any party may move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter-jurisdiction. *King v. Life Sch.*, 809 F. Supp. 2d 572, 576 (N.D. Tex. 2011). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." *Id.* (alteration omitted). This is because "[f]ederal courts are courts of limited jurisdiction," and "without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims." *Id.* "[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* The Northern District of Texas has interpreted the IDEA's exhaustion requirement as jurisdictional. *Dabney v. Highland Park Indep. Sch. Dist.*, No. 3:15-CV-2122-L, 2016 WL 1273467, at *6 n.2 (N.D. Tex. Mar. 31, 2016).

## III.

## ANALYSIS

Doe alleges that DISD violated Title IX by failing to ensure T.W.'s access to educational benefits following her sexual assaults. Doc. 35, Pl.'s First Am. Compl., ¶¶ 60, 64(e). DISD argues

that the Court does not have subject-matter jurisdiction over Doe's Title IX claim because Doe failed to exhaust her administrative remedies under the IDEA. Doc. 36, Def.'s Mot. to Dismiss, 6. Doe contends that the IDEA exhaustion requirements do not apply to her claim, and that even if they do, she properly exhausted her remedies. Doc. 39, Pl.'s Resp., 14–19. So the Court must decide whether Doe's Title IX claim is subject to the IDEA's exhaustion requirements and, if so, whether Doe properly exhausted her remedies.

A. *Is Doe's Title IX Claim Subject to the IDEA's Exhaustion Requirements?*

DISD argues in its motion that the Court should again find that Doe's Title IX claim is subject to the IDEA's exhaustion requirements in light of the Supreme Court's decision in *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017). Doc. 36, Def.'s Mot. to Dismiss, 6–10. Doe asserts that *Fry* compels the opposite conclusion because her Title IX claim does not involve the denial of a FAPE. Doc. 39, Pl.'s Resp., 14, 17–18.

The IDEA "requires states and local educational agencies receiving federal IDEA funds to make a [(FAPE)] available to children with certain disabilities between the ages of 3 and 21." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc). "The IDEA imposes extensive requirements on schools to safeguard the disabled child's right to a FAPE." *Id.* The IDEA also establishes administrative procedures for resolving complaints "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." 20 U.S.C. § 1415(b)(6)(A); *see also id.* § 1415(f)–(g) (creating two-step process including initial "impartial due process hearing" by local educational agency and appeal to state educational agency). A complainant must exhaust these procedures before instituting a lawsuit based

in some measure on a school district's failure to provide a FAPE. *Id.* § 1415(l); *Gardner v. Sch. Bd. Caddo Par.*, 958 F.2d 108, 111 (5th Cir.1992).

The Supreme Court recently held in *Fry* that the IDEA's exhaustion requirements apply with equal force to non-IDEA claims if the plaintiff nevertheless "seek[s] relief for the denial of a FAPE." 137 S. Ct. at 752. "If a lawsuit charges such a denial, the plaintiff cannot escape § 1415(l) merely by bringing her suit under a statute other than the IDEA." *Id.* at 754. And "in determining whether a suit indeed 'seeks' relief for . . . [the] denial [of a FAPE], a court should look to the substance, or gravamen, of the plaintiff's complaint." *Id.* at 752. "What matters is the crux . . . of the plaintiff's complaint, setting aside any attempts at artful pleading." *Id.* at 755.

> One clue to whether the gravamen of a complaint against a school concerns the denial of a FAPE, or instead addresses disability-based discrimination, can come from asking a pair of hypothetical questions. First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library? And second, could an adult at the school—say, an employee or visitor—have pressed essentially the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject. . . . But when the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.

*Id.* at 756.

The Court in *Doe I* found that Doe's Title IX claim involved the denial of a FAPE and was therefore subject to the IDEA's exhaustion requirement. 194 F. Supp. 3d at 559–60. The Court explained that the IDEA's exhaustion requirements "extend[] to all claims 'seeking relief that is also available under'" the IDEA. *Id.* at 559 (quoting 20 U.S.C. § 1415(l)). The Court found that Doe's Title IX claim concerned a denial of a FAPE because stating a Title IX claim requires showing that

the sexual harassment was "so severe, pervasive, and objectively offensive that it can be said to deprive the victim of access to the educational opportunities or benefits provided by the school." *Id.* at 560.

Doe does not contend that her Title IX claim has changed since *Doe I* in a way that would permit her to escape the IDEA's exhaustion requirements. Instead, she argues that *Fry*, which came after *Doe I*, compels the Court to find that her Title IX claim is not subject to the IDEA's exhaustion requirements because her claim does not involve the denial of a FAPE. Doc. 39, Pl.'s Resp., 14, 17–18.

The Court is not persuaded. The Court's analysis in *Doe I* is consistent with *Fry*. *Fry* instructs lower courts to examine the substance of a non-IDEA claim to determine whether it involves the denial of a FAPE and is thereby subject to the IDEA's exhaustion requirements, and that is what the Court did in *Doe I*. 194 F. Supp. 3d at 559–60. And although the Court did not consider the Supreme Court's two helpful hypothetical questions in *Fry*, 137 S. Ct. at 756, answering them only confirms that the gravamen of Doe's Title IX claim is the denial of a FAPE: Doe could not have brought essentially the same Title IX claim if the alleged conduct had occurred at a public facility other than a school because she must show a denial of "educational opportunities or benefits provided by the school," and an adult could not have brought the same grievance because Doe's claim is based on "student-on-student sexual harassment," and involves "the overt, physical deprivation of access to school resources." *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999).

The Fifth Circuit answered no to both questions in a case similar to this one because the plaintiff's Rehabilitation-Act claims were "directly related to the [student's] education." *Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 257 (5th Cir. 2017).[3] So too is Doe's Title IX claim. *See, e.g.*, Doc. 35, Pl.'s First Am. Compl., ¶ 60 ("The sexual assaults and harassment endured by . . . T.W. were so severe, pervasive, and objectively offensive that they effectively barred T.W. from access to the educational opportunities or benefits provided by Kimball High School and DISD."); *id.* ¶ 64(e) (alleging DISD failed to ensure that "T.W.'s . . . access to educational benefits and opportunities was not impacted due to the sexual assaults and harassment.").

Doe briefly argues that the IDEA exhaustion requirements do not apply to her claim because she is seeking money damages and the IDEA does not permit plaintiffs to obtain such relief. Doc. 39,Pl.'s Resp., 14. She cites no authority to support her position and the Court has found none. The Court is persuaded by out-of-circuit authority indicating plaintiffs cannot sidestep the IDEA exhaustion requirements merely by asking for compensatory or prospective damages. *See, e.g.*, *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 63 (1st Cir. 2002) (explaining that allowing plaintiffs seeking compensatory damages to bypass the IDEA exhaustion requirements "would subvert not only the very existence of a mandatory exhaustion requirement but also the overall scheme that Congress envisioned for dealing with educational disabilities").

---

[3] District courts in the Fifth Circuit have likewise answered no when the plaintiff's claims directly relate to the student's education. *See, e.g.*, *Rhodes v. Lamar Cty. Sch. Dist.*, No. 2:16-CV-195-KS-MTP, 2018 WL 1527876, at *5 (S.D. Miss. Mar. 28, 2018) ("These claims could not have been filed against a public library or theater because they . . . directly relate to C.R.'s educational needs. Nor could they have been filed by a non-student for the same reason."); *E.R. v. Spring Branch Indep. Sch. Dist.*, No. 4:16-CV-0058, 2017 WL 3017282, at *35 (S.D. Tex. June 15, 2017) ("E.R. claims discrimination because of the scope of the education she received while attending SBISD's school. These allegations overlap with the IDEA claims and Plaintiffs were required to first exhaust the administrative remedies for this action.").

In sum, *Fry* confirms the Court's decision in *Doe I* and compels the Court to find yet again that Doe's Title IX claim is subject to the IDEA's exhaustion requirement because it is based on the denial of a FAPE.

B.   *Has Doe Exhausted Her Administrative Remedies under the IDEA?*

Having decided that Doe's Title IX claim is subject to the IDEA's exhaustion requirements, the Court must decide whether Doe properly exhausted her administrative remedies. Doe argues that she satisfied the IDEA's exhaustion requirements because the administrative hearing officer dismissed her Title IX claim for lack of jurisdiction and so any effort to obtain relief from the hearing officer would be futile. Doc. 39, Pl.'s Resp., 15–16. DISD argues she cannot pursue her Title IX claim because she did not exhaust all of the remedies available under IDEA. Doc. 36, Def.'s Mot. to Dismiss, 10–17.

The Court agrees with DISD—Doe has not exhausted her IDEA claims, so the Court must dismiss her Title IX claim for lack of jurisdiction. If a plaintiff asserts both IDEA claims and non-IDEA claims that are subject to IDEA exhaustion, she must exhaust all remedies under the IDEA before bringing any one of those claims before a court. 20 U.S.C. § 1415(l) ("[B]efore the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter."); *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 246 (2d Cir. 2008) ("Importantly, complainants must overcome [the IDEA's exhaustion requirements] not only when they wish to file a suit under the IDEA itself, but also whenever they assert claims for relief available under the IDEA, regardless of the statutory basis of their

complaint."). So when deciding whether a plaintiff has exhausted her administrative remedies, the question is not whether the plaintiff has exhausted that particular claim, but whether the plaintiff has exhausted her administrative remedies under the IDEA.

The parties do not dispute that Doe has exhausted her remedies with respect to her Title IX claim. But the Court does not have subject-matter jurisdiction over Doe's Title IX claim because she has not exhausted her IDEA claims—the hearing officer dismissed her IDEA claims because Doe filed them after the IDEA's one-year statute of limitations. Doc. 12, Def.'s App. in Supp., 33. A claim is not exhausted when a hearing officer dismisses it as time-barred. *Marc V. v. N. E. Indep. Sch. Dist.*, 455 F. Supp. 2d 577, 591 n.4 (W.D. Tex. 2006); *cf. T.W. v. Spencerport Cent. Sch. Dist.*, 891 F. Supp. 2d 438, 440 (W.D.N.Y. 2012) ("A party whose appeal is dismissed as untimely will be deemed to have failed to exhaust the available administrative remedies, and the courts will be deprived of subject matter jurisdiction over the matter."). And "since the Court cannot consider [Doe's] time-barred IDEA claims because of the administrative exhaustion requirement, the Court also cannot consider [Doe's] derivative [Title IX] claim[] based upon the time-barred IDEA claims." *Marc V*, 455 F. Supp. 2d at 591 n.4. Doe's unexhausted IDEA claims prevent her from pursuing her Title IX claim before this Court.

### IV.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** DISD's motion to dismiss, Doc. 36, and **DISMISSES WITH PREJUDICE** Doe's first amended complaint, Doc. 35.

**SO ORDERED.**

SIGNED: April 19, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE